97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis BROADWELL, Petitioner-Appellant,
v.
Bob GUZIK, Respondent-Appellee.
 No. 95-6324.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 1
 Before: MARTIN and CONTIE, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Louis Broadwell appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the United States District Court for the Northern District of Georgia in 1987, petitioner was convicted of eleven criminal counts involving his participation in a conspiracy to manufacture, possess and distribute methamphetamine, including charges of kidnapping and use of a firearm in relation to the kidnapping. Petitioner was sentenced to a total of 40 years of imprisonment. Petitioner's convictions and sentences were affirmed on direct appeal. United States v. Broadwell, 870 F.2d 594 (11th Cir.), cert. denied, 493 U.S. 840 (1989).
 
 
 4
 Thereafter, petitioner filed this habeas petition in the district court alleging that the Bureau of Prisons computed his parole eligibility date in an illegal manner. Specifically, petitioner alleged that federal law requires that all of his sentences, including his non-parolable 5 year sentence for using a firearm in relation to a felony, be aggregated for purposes of calculating his parole eligibility date. The district court dismissed the petition sua sponte as without merit. This timely appeal followed. On appeal, petitioner reiterates his contention that his parole eligibility date was computed in an illegal manner.
 
 
 5
 Upon consideration, the district court's judgment is affirmed for the reasons stated by the district court in its order of dismissal filed August 16, 1995. Pursuant to Bureau of Prisons policy, non-parolable offenses are excluded in the calculation of petitioner's parole eligibility date because otherwise petitioner would be granted an earlier parole eligibility date by virtue of the non-parolable sentence. See 18 U.S.C. § 4205; United States v. York, 830 F.2d 885 (8th Cir.1987) cert. denied 484 U.S. 1074 (1988). Moreover, the cases cited by petitioner do not support his position. Under these circumstances, the district court properly denied habeas corpus relief.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation